IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA

Plaintiff,

v.

HARVEY JACKSON,

Defendant.                                                          No. 06-CR-30136-DRH

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I.  Introduction and Background

Now before the Court is Harvey Jackson's *pro se* motion to withdraw guilty plea (Doc. 26).  The Government opposes the motion, though there is some suggestion that the timing of the plea inured to the Defendant's benefit and, if the motion were granted, further investigation would continue, perhaps, resulting in an indictment that would expose the Defendant to a worse fate than if the motion were denied.  On July 13, 2007, the Court held a hearing on Jackson's motion and took the matter under advisement.  Based on the evidence presented during the hearing, the pleadings and the applicable case law, the Court denies Jackson's motion to withdraw guilty plea.

On November 17, 2006, a three-count Information charged Harvey Jackson with operation of an unregistered drug facility, possessing with the intent to distribute 31 grams or more of cocaine and possessing a firearm in furtherance

of a drug trafficking crime, violations of **21 U.S.C. §§ 331(p), 333(a)(2), 841(a)(1), 841(b)(1)(C)** and **18 U.S.C. §§ 2, 924(c)** (Doc. 2). That same day, Jackson executed a written waiver of his right to prosecution by Indictment (Doc. 1). The waiver form states that Jackson, "being advised of the nature of charges, the proposed Information, and [his] rights" consents to prosecution "by Information rather than by Indictment" (Doc. 1). Also, that same day, Jackson, represented by attorney Ethan Skaggs, pled guilty to the Information. Jackson executed a six page plea agreement and a five page stipulation of facts, both of which were presented to the Court (Docs. 4 & 5). The stipulation of facts outlined Jackson's conduct related to the charges contained in the Information.

In the plea agreement, Jackson acknowledged that he had been advised and fully understood the rights he was waiving and the consequences he was facing by entering a guilty plea, including the fact that he was admitting guilt on a felony punishable by a term of imprisonment, and the fact that his sentencing range likely was ten to sixteen months and a five year mandatory minimum sentence for the gun charge.

Thereafter on December 5, 2006, attorneys N. Scott Rosenblum and Adam Fein entered their appearances on behalf of Jackson (Docs. 6 & 7). Later that month, Mr. Skaggs filed a motion to withdraw as attorney for Jackson (Doc. 10). The Court granted Mr. Skaggs's motion on December 22, 2006 (Doc. 10). On February 7, 2007, the Court continued the sentencing to June 8, 2007 and allowed Jackson leave to file objections to the Presentence Report (Doc. 18). Thereafter, the

Court continued the sentencing to July 13, 2007. On March 1, 2007, Jackson, through Mr. Rosenblum, filed objections to the Presentence Report (Doc. 19).

On March 7, 2007 and April 25, 2007, the entered Orders acknowledging that it received letters from Jackson (Docs. 20 & 21). Because Jackson was represented by counsel at the time the Court received the letters, the Orders insisted that Jackson only file pleadings through his attorney. Subsequently on May 29, 2007, Jackson, *pro se*, filed a motion for removal of attorney (Doc. 22). On June 8, 2007, the Court conducted a thorough **Faretta** inquiry, granted Jackson's motion for removal of Mr. Rosenblum and Mr. Fein, and allowed Jackson to proceed *pro se*.[1] Further, the Court instructed the Clerk's Office to file the motion to withdraw guilty plea and set the matter for hearing on July 13, 2007 (Doc. 25).[2]

On July 13, 2007, the Court held a hearing on Jackson's motion to withdraw guilty plea. At the hearing, Jackson was represented by counsel Rick Black and the Government was represented by Assistant United States Attorney Jennifer Hudson.[3] The parties having fully briefed the issues, presented testimony

---

[1]***See Faretta v. California*, 422 U.S. 806 (1975)(recognizing a criminal defendant's right to self representation and delineating the process through which the district court may assure itself that the defendant appreciates the consequences of self-representation)**.

[2]Along with his motion for removal of attorney, Jackson sent a motion to withdraw guilty plea. Because Jackson had counsel at that time and the motion for removal of attorney had not been decided, Jackson's motion to withdraw guilty plea was not filed at that time. During the hearing on the motion for removal of attorney, Jackson expressed his desire to proceed with the motion to withdraw guilty plea.

[3]On July 11, 2007, attorney Rick Black entered his appearance on behalf of Jackson (Doc. 31).

and presented oral argument, the Court now rules as follows.[4]

## II. Analysis

"The right to withdraw a guilty plea is not absolute." *United States v. Rinaldi*, 461 F.3d 922, 926 (7th Cir. 2006)(citing *United States v. Bradley*, 381 F.3d 641, 645 (7th Cir. 2004)). A defendant is entitled to withdraw his plea if he can demonstrate a "fair and just reason" to do so. **Fed. R. Crim. P. 11(d)(2)(B)**. "This is no mean feat. Guilty pleas are not to be treated as a strategic maneuver by the parties, and we presume the verity of the defendant's statements made at the Rule 11 colloquy." *Rinaldi*, **461 F.3d at 927-28 (citations omitted)**. "Ineffective assistance of counsel can render a plea agreement involuntary, and is therefore a valid basis for withdrawing a guilty plea." *United States v. Lundy*, 484 F.3d 480, 484 (7th Cir. 2007)(citing *Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *United States v. Wallace*, 276 F.3d 360, 366 (7th Cir. 2002)).

To establish ineffective assistance of counsel, "[i]n the plea bargain context a defendant must establish that his counsel's performance was objectively unreasonable and that but for counsel's errors, he would not have pleaded guilty and instead gone to trial." *United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999)(citing *Hill*, 474 U.S. at 56-60)). To satisfy the performance prong, the defendant must point the court to specific acts or omissions which shape his claim. *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995). "[E]ven if individual

---

[4]The Government filed a response to Jackson's motion (Doc. 28). Jackson furnished a reply (Doc. 30). The Court notes that Mr. Black did not tender additional briefs on the issue and stated that Defendant stood by his pleadings on the issue.

acts or omissions are not so grievous as to merit a finding of incompetence or of prejudice from incompetence, their cumulative effect may be substantial enough to meet the *Strickland* test." **Crisp v. Duckworth, 743 F.2d 580, 583 (7th Cir. 1984)**. Once a court has set out counsel's errors, "the court must then determine whether, in light of all the circumstances, the alleged acts or omissions were outside the wide range of professionally competent assistance." *Id*. The court must keep in mind the strong presumption that counsel's performance was reasonable while making this determination. *Id*. To show prejudice, a defendant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, he would not have pleaded guilty and would have insisted on going to trial. **Hill, 474 U.S. at 59**. Mindful of these principles, the Court turns to address the merits of Jackson's motion.

Jackson advances two reasons for withdrawing his guilty plea both contending that Mr. Skaggs provided him with ineffective assistance of counsel. First, Jackson contends that Mr. Skaggs failed to file a motion to suppress in regards to the "knock and talk" conducted by the DEA agents. Second, Jackson contends that Mr. Skaggs did not properly inform him of the nature of the charges against him and advise him of all his rights prior to him pleading guilty.[5] Jackson maintains that had Mr. Skaggs properly advised him of his rights before he plead guilty that he would not have pled guilty and proceeded to trial. Here, Jackson has no credible

---

[5] The Court notes that Jackson is not complaining that on the day he pled guilty that he misunderstood the Court at the plea hearing. As the Rule 11 colloquy demonstrates, Jackson clearly understood the questions posed by the Court and pled guilty.

evidence, only his unsupported allegations, which are inadequate. In addition to presenting no credible evidence to support his allegations, the record contradicts him. The Rule 11 colloquy demonstrates that he did discuss these matters with counsel (TR, ps. 7-11):

> Court: All right. I notice that today there was filed something called an agreement to plead guilty. This is also a so-called open plea, meaning that there is nothing in here, as I see it, that constitutes a per se recommendation by the government, so it's just a written plea in effect in this case. In the course of Mr. Skaggs's representation of you, has he met and talked with you a number of times about this case, Mr. Jackson?
> Jackson: Yes, sir.
> Court: And he's talked with you about the law that surrounds the charges that have been brought against you; is that a true statement?
> Jackson: Yes, sir.
> Court: Talked with you about the sentencing laws that affect the charges that have been brought against you; also a true statement?
> Jackson: Yes, sir.
> Court: I'm guessing at these things. Of course I wasn't there, as you notice. He's talked with you about the evidence the government has against you that he was able to learn by way of his discussions with the government? He talked with you about those things, true?
> Jackson: Yes, sir.
> Court: He's talked with you about, I suppose, probably what a trial would be like in this case and how that would - - what form that would take, I suppose?
> Jackson: Yes, sir.
> Court: And in that sense I guess he talked with you then about the pros and cons of the trial, correct?
> Jackson: Yes, sir.
> Court: And in doing so, also talked with you about the pros and cons in effect of pleading guilty versus going to trial, and in that sense being found guilty, I guess, true?
> Jackson: Yes, sir.
> Court: Told you it was your decision, obviously?

Jackson: Yes, sir.

Court: All right.  And you know what you did or didn't do, to be blunt sort of, right?

Jackson: Yes, sir.

Court:  And then came this discussion about this so-called agreement to plead guilty, and he talked with you about what would be in this agreement to plead guilty based on his conversations with Ms. Hudson; is that also a fair statement, sir?

Jackson: Yes, sir.

***

Court: Is it fair to say, Mr. Jackson, that you took all of those things into account, including the discussion that Mr. Skaggs had with Ms. Hudson about this plea agreement that he related to you, all of the things that I asked you about before?  Is it fair to say you took all of those things into account when you made your decision to come in and plead guilty?

Jackson: Yes, sir.

Court: And in taking all of those things into account, Mr. Jackson, is it also fair to say that you come to this Court to plead guilty of your own free will then without being forced?

Jackson: Yes, sir.

Court: Okay.  Now, looking at this agreement to plead guilty, I start by looking at the last page, which is No. 8.  At the bottom of that page are some signatures, and I'd like to know, sir, if from your distance you can tell on my copy, is that your signature, sir?

Jackson: Yes, sir.

Court: Before signing it, Mr. Jackson, did you take the time and care to look through it carefully and thoroughly?

Jackson: Yes, sir.

Court: You did – you actually read it through?

Jackson: Yes, sir.

Court: And did you talk to Mr. Skaggs about it?

Jackson: Yes, sir.

Court: Did you assure yourself when you signed it that you understood everything within this agreement?

Jackson: Yes, sir.

Court: Was it what you expected it to be?  Was it what you expected it to be based on your conversations with Mr. Skaggs?

  Jackson: Yes, sir.

The Court is hard pressed to find any evidence of substandard performance. "An ineffective assistance of counsel claim cannot stand on a blank record, peppered with the defendant's own unsupported allegations of misconduct." ***United States v. Hodges*, 259 F.3d 655, 660 (7th Cir. 2001)**.

  Further, the Court finds the only times that Jackson told the truth as to this matter are in his Stipulation of Facts (Doc. 5) and during the Rule 11 hearing. In fact, the record is replete with conflicting stories of why Jackson had cocaine in his apartment and how Jackson obtained the money that was found at his apartment.[6] Clearly, Jackson is not credible.[7]

  Moreover, under the circumstances of the case, it appears that Mr. Skaggs did a good job of convincing the Government to accept the plea to Information even after Jackson ended his cooperation with the Government by failing to answer questions regarding Chad Rivera and ending his proffer. As noted by the Court on the record during the hearing, there are advantages and disadvantages of pleading to an information. An early plea to an information is a bargain. The most obvious and beneficial advantage to Jackson is that the Government stopped

---

[6] As to the cash, Jackson told authorities that it was from cutting hair and that he is paid in cash; another time Jackson stated that it was from an inheritance and yet another time Jackson stated that the money was from selling drugs. As to the cocaine, Jackson once stated that the maintenance man must have put the cocaine in his refrigerator; another time he stated that the cocaine was for his personal use and another time he stated that he possessed the cocaine with the intent to sell.

[7] Even while testifying under oath, the Court had to instruct Jackson to answer a question by the Government.

investigating his conduct. Had Jackson not pled to the Information, the Government would have continued to investigate its case against Jackson and Jackson would have risked having additional charges (such as a conspiracy charge) added to the already serious charges pending against him. On the other hand, one of the disadvantages of pleading to the Information is that Jackson would not be able to file pretrial motions, as there would not be a trial. This is a tactical strategy and the Court finds that it is not an unreasonable decision under the circumstances of this case.

Simply stated, Jackson has not shown that Mr. Skaggs's performance was objectively unreasonable. The record before the Court reveals nothing unreasonable in Skaggs's representation of Jackson. The evidence establishes that Skaggs worked diligently to assess the case, consult his client, and negotiate with the Government for terms as beneficial as possible for his client. Indeed, Jackson professed his satisfaction with Skaggs's assistance at the time of his guilty plea (TR, pg. 7, lines 15-18):

> Court: With respect to the representation by Mr. Skaggs and his advice and counsel, are you satisfied with all those things, Mr. Jackson?
> Jackson: Yes, sir.

The Court concludes that Jackson failed to prove the first prong of the ineffective assistance of counsel test.

The Court need go no further, since a defendant who fails to prove either prong of the **Strickland** test dooms his ineffective assistance claim. However, the

Court notes that the record also undermines any chance Jackson had to prove the second prong of the test. As stated previously, Jackson has identified no evidence supporting the theory but for Skaggs's mishandling of the case, he would have rejected the guilty plea, filed a motion to suppress and demanded to proceed to trial. Thus, Jackson has met neither prong of the ineffective assistance test.

### III.  Conclusion

Jackson has not shown a "fair and just reason" which would justify withdrawal of his guilty plea. Accordingly, the Court **DENIES** Jackson's motion to withdraw guilty plea (Doc. 26). The Court **SETS** this matter for sentencing on November 15, 2007 at 10:30 a.m. Jackson shall inform the Court in writing on or before August 17, 2007 if he intends to adopt the objections to the Presentence Report filed on behalf of Jackson by his former counsel, Mr. Rosenblum (Doc. 19). Further, the Court **ALLOWS** Jackson up to and including August 17, 2007 to file additional objections to the Presentence Report, if needed.

**IT IS SO ORDERED.**

Signed this 16th day of July, 2007.

/s/        David    RHerndon
**United States District Judge**