IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

HARVEY JACKSON,

Defendant.                                              No. 06-CR-30136-DRH

## ORDER

**HERNDON, Chief Judge:**

Now before the Court is Jackson's motion for downward departure due to confinement in a substandard non-federal facility (Doc. 58). Based on the following, the Court dismisses the motions for want of jurisdiction.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. ***See Carlisle v. United States*, 517 U.S. 416 (1996)**. The following post-judgment motions are allowed if timely filed. Under **Federal Rule of Criminal Procedure 35**, revision is proper only within 7 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a **Rule 33** motion for new trial based on new evidence must be brought within 3 years after the verdict and a **Rule 33** motion for new trial based on other grounds must be brought within 7 days after the verdict. Lastly, a collateral attack under **28 U.S.C. § 2255** which has a 1 year statute of limitations.

Here, the Court cannot consider Jackson's motion. **Rule 35** is inapplicable because this motion is brought almost two months *after* the imposition of sentence (Jackson was sentenced on November 15, 2007); it does not appear to be brought to

correct the sentence arithmetical, technical or other clear error and the *Government* has not filed a motion to reduce. Likewise, **Rule 33** does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 7 days of the verdict to be timely to be brought based on other reasons. Therefore, the only other possible procedural avenue that Jackson could bring this motion is a **§ 2255** collateral attack. Based on the case law, the Court must treat a post-judgment motion as a collateral attack if it meets the description of § 2255. ***See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000)**. After reviewing the pleadings, it is unclear whether Jackson is intending to pursue a collateral attack.[1] Because the Court finds that Jackson's motion does not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the motion. Moreover, this case is on appeal as Jackson filed his notice of appeal on November 26, 2007 (Doc. 50).

Accordingly, the Court dismisses for want of jurisdiction Jackson's motion for downward departure due to confinement in a substandard non-federal facility (Doc. 58).

**IT IS SO ORDERED.**

Signed this 14th day of January 2008.

/s/  *DavidRHerndon*
Chief Judge
United    States    District    Court

---

[1] In the event that Jackson wishes to file a collateral attack, the Court advises Jackson to consult **28 U.S.C. § 2255**, the **Federal Rules of Criminal Procedure** and the Court's Local Rules on how to properly file such a petition.